# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| **ALLSTATE LIFE INSURANCE COMPANY,** § <br> § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> **DEREK DIAZ, DANNY A. DIAZ, AND** § <br> **ALICE MARIE DENHAM,** § <br> § <br> **Defendants.** § | **CIVIL ACTION NO.:** <br> _____ |

## COMPLAINT FOR INTERPLEADER

Plaintiff Allstate Life Insurance Company ("Allstate"), by and through its attorneys, hereby files this Complaint for Interpleader against Defendants Derek Diaz, Danny A. Diaz, and Alice Marie Denham. In support thereof, Allstate avers as follows:

### INTRODUCTION

1. This is an interpleader action in which Allstate seeks a determination from the Court regarding the proper beneficiary of the proceeds payable on an insurance policy issued on the life of now-deceased Clementina Diaz ("Decedent").

### PARTIES

2. Allstate is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located in Northbrook, Illinois. Allstate is a citizen of Illinois.

3. Derek Diaz ("Derek") resides at 167 Austin Ryan Dr., Kingsland, GA 31548. Derek is a citizen of Georgia.

4. Danny A. Diaz a/k/a Daniel Diaz ("Danny") resides at 1302 E. Oak St., Wylie, TX 75098. Danny is a citizen of Texas.

5. Alice Marie Denham ("Ms. Denham") resides at 1302 E. Oak St., Wylie, TX 75098. Ms. Denham is a citizen of Texas.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1335 because the interpleader relief sought relates to a life insurance policy issued by Allstate wherein the proceeds exceed $500, and two or more adverse claimants of diverse citizenship claim to be entitled to the proceeds.

7. Venue is proper in the Eastern District of Texas, pursuant to 28 U.S.C. § 1397, because one of the defendants resides in this judicial district.

8. Allstate is a disinterested stakeholder obligated under a life insurance policy with coverage in the amount of $76,000. Defendants have conflicting and competing demands to the policy proceeds.

## FACTS

9. In 1996, Allstate issued a Universal Life Premier policy (Policy No. 725983557) on the life of Decedent with a face amount of $50,000 (the "Policy").

10. On the application for the Policy, Decedent designated her sons, Derek and Danny, as equal primary beneficiaries of the Policy.

11. In 2002, Decedent increased coverage under the Policy to $76,000.

12. On or about July 18, 2017, Allstate received a change of beneficiary request seeking to designate Derek the primary beneficiary of the Policy. Allstate processed the July 18, 2017 beneficiary change request.

13.     On or about April 18, 2019, Allstate received a beneficiary change request seeking to designate Ms. Denham, a "friend," as the primary beneficiary of the Policy. Allstate processed the April 18, 2019 beneficiary change request.

14.     On or about July 2, 2019, Allstate received a copy of a January 5, 2019 Durable Power of Attorney executed by Decedent in which she named Derek her attorney-in-fact.

15.     On or about July 2, 2019, Allstate received a beneficiary change request signed by Derek, as attorney-in-fact, seeking to designate himself as the sole primary beneficiary. Allstate processed the July 2, 2019 beneficiary change request.

16.     On December 29, 2019, Decedent died.

17.     Allstate subsequently received from Derek a claim for the Policy proceeds.

18.     On or about January 3, 2020, Ms. Denham advised Allstate that she did not want Derek to receive the Policy proceeds and that she was entitled to the Policy proceeds.

19.     On January 31, 2020, Derek advised Allstate that the April 2019 beneficiary change request naming Ms. Denham was fraudulent and the result of undue influence.

20.     Allstate also received notice from Danny that Decedent named Ms. Denham so that she would release the Policy proceeds to Danny.

21.     Allstate has no interest in the Policy proceeds, is an innocent and disinterested stakeholder, and faces Defendants' competing claims to the Policy proceeds.

## COUNT I: INTERPLEADER

22.     Allstate incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein at length.

23.     Based on the foregoing, there is presently an actual, justiciable controversy between and among Defendants as to their respective rights to the Policy proceeds.

24. Allstate is an innocent stakeholder and claims no title or interest in the Policy proceeds.

25. Due to the competing claims to the Policy proceeds, Allstate is at risk of suffering competing claims and multiple liabilities for payment of the Policy proceeds.

26. Unless the potentially adverse and conflicting claims to the Policy proceeds are resolved in a single proceeding pursuant to an appropriate Court order, Allstate is subject to multiple litigation and is at a substantial risk of suffering multiple liabilities and/or inconsistent rulings as to its liability for the Policy proceeds.

27. By way of this interpleader claim, Allstate seeks certainty regarding Defendants' respective rights to receive the Policy proceeds.

28. Allstate is prepared to pay the Policy proceeds into Court or to deliver them to a person designated by the Court, pending the resolution of this action and receipt of a final non-appealable Court order in this action.

29. Allstate is entitled to reasonable attorneys' fees because it is a disinterested stakeholder in this action.

30. After Allstate effectuates service of the Complaint, Allstate will move to tender to the Court the Policy proceeds with interest.

**WHEREFORE**, Allstate respectfully requests that this Court:

(1) order Defendants to interplead their respective claims to the Policy proceeds without further involvement of Allstate;

(2) permit Allstate to pay the Policy proceeds into the Court or to deliver them to a person designated by the Court pending the determination of the claims herein;

(3) direct and declare the respective rights of Defendants to receive the Policy proceeds;

(4) discharge Allstate from any and all liability in connection with, arising out of, or related to the Policy, the beneficiary change requests, and the Policy proceeds, as to any and all persons and entities;

(5) enjoin and restrain Defendants from commencing or further prosecuting any other proceedings in any state or United States court against Allstate on account of the Policy, the beneficiary change requests, and the Policy proceeds until this action is concluded;

(6) award Allstate its costs and attorneys' fees; and

(7) grant any such other and further relief as this Court deems appropriate.

Respectfully submitted,

*/s/ Scott P. Brinkerhoff*
Scott P. Brinkerhoff
State Bar No. 24069419
Faegre Drinker Biddle & Reath LLP
1717 Main Street, Ste. 5400
Dallas TX 75201-7367
Phone:  (469) 357-2542
Facsimile: (469) 327-0860
scott.brinkerhoff@faegredrinker.com

***Attorneys for Plaintiff Allstate Life Insurance Company***

COMPLAINT FOR INTERPLEADER                                                                                                       PAGE 5
ACTIVE.121996953.02 209698.589510