# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| ALLSTATE LIFE INSURANCE COMPANY, § § § *Plaintiff*, § § v. § § DEREK DIAZ, DANNY A. DIAZ, and § ALICE MARIE DENHAM, § § *Defendants*. § § | Civil Action No. 4:20-CV-00148 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Derek Diaz's Motion for Default Judgment (Dkt. #19). Having considered the Motion, the Court finds it should be **GRANTED**.

### BACKGROUND

This case concerns the proceeds of a $76,000 life insurance policy administered by Plaintiff Allstate Life Insurance Company (Dkt. #1). Decedent's two sons, Derek Diaz ("Derek") and Danny Diaz ("Danny"), as well as Decedent's friend, Alice Denham ("Alice"), assert competing claims to the policy (Dkt. #1 at p. 3). After several beneficiary changes, Decedent ultimately named Derek as the primary beneficiary before her passing (Dkt. #1 at p. 3). Plaintiff filed this interpleader action after Danny and Alice challenged Derek's designation as primary beneficiary (Dkt. #1).

On February 27, 2020, Plaintiff filed this interpleader action to clarify who is entitled to payment of the policy (Dkt. #1). On May 1, 2020, Derek answered the Complaint (Dkt. #8). On June 4, 2020, Derek moved for entry of default against Danny and Alice (Dkt. #10). On September 1, 2020, the clerk of Court entered default as to Danny and Alice (Dkt. #17). On October 2, 2020,

Danny moved to set aside entry of default (Dkt. #20). On March 8, 2021, the Court denied Danny's motion to set aside entry of default (Dkt. #25).

On September 3, 2020, Derek filed his Motion for Default Judgment (Dkt. #19), currently before the Court.

## LEGAL STANDARD

A default judgment is a "judgment on the merits that conclusively establishes the defendant's liability." *United States ex rel. M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). It does not, however, establish the "quantity of damages" a defendant owes. *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 761 (5th Cir. 2019). "Rule 55(b)(2) of the Federal Rules of Civil Procedure governs applications to the Court for default judgment." *Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-CV-2092-M, 2013 WL 145502, at *2 (N.D. Tex. Jan. 14, 2013) (citing FED. R. CIV. P. 55(b)(2)).

There are three steps to obtain a default judgment under the Federal Rules of Civil Procedure. *Nestor v. Penske Truck Leasing Co., L.P.*, No. 4:14-CV-036-DAE, 2015 WL 4601255, at *2 (W.D. Tex. July 29, 2015) (citing *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)). First, a default occurs when a defendant does not plead or otherwise respond to a complaint within the time required by the Federal Rules. *N.Y. Life Ins.*, 84 F.3d at 141; *see* FED. R. CIV. P. 12(a). Next, an entry of default may be entered by the clerk when default is established by affidavit or otherwise. FED. R. CIV. P. 55(a); *N.Y. Life Ins.*, 84 F.3d at 141. Finally, as in this instance, a plaintiff may apply to the court for a default judgment. FED. R. CIV. P. 55(b)(2).

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnoted omitted); *see id.* (explaining that default judgments are

available "only when the adversary process has been halted because of an essentially unresponsive party"). While "the Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments," this policy "is 'counterbalanced by considerations of social goals, justice, and expediency, a weighing process that lies largely within the domain of the trial judge's discretion.'" *Arch Ins. Co.*, 2013 WL 145502, at *2 (brackets omitted) (quoting *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999)). Under Rule 55(b)(2), district courts have wide latitude in this determination, and the entry of default is left to their sound discretion. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

## ANALYSIS

### I. Whether an Entry of Default Judgment Is Procedurally Warranted

The Court must first determine whether a default judgment is procedurally warranted. After reviewing the Motion, the Court determines that default judgment is procedurally warranted because the grounds for default are established and neither substantial prejudice nor good faith mistake are present. The Fifth Circuit recognizes six factors relevant to the inquiry of whether a default judgment is procedurally warranted:

> [1] whether material issues of fact exist; [2] whether there has been substantial prejudice; [3] whether the grounds for default are clearly established; [4] whether the default was caused by a good faith mistake or excusable neglect; [5] the harshness of a default judgment; and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

First, no material issues of fact are present. When a defendant defaults, they admit to the plaintiff's well-pleaded allegations of fact. *Nishimatsu Constr. Co., Ltd. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Therefore, no material facts are in dispute. *See Lindsey*, 161 F.3d at 893. Second, Derek has been substantially prejudiced because Danny and Alice have been

nonresponsive for several months.  This failure to respond "threatens to bring the adversary process to a halt, effectively prejudicing plaintiff's interest." *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. CIV.A. C-10-390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011) (citing *Lindsey*, 161 F.3d at 893).  Third, the grounds for default are established because Danny and Alice have been unresponsive, and if the failure to respond is "plainly willful, as reflected by [party's] failure to respond either to the summons and complaint, the entry of default, or the motion for default," then default judgment is appropriate. *Holladay v. OTA Training, LLC*, No. 3:14-CV-0519-B, 2015 WL 5916440, at *4 (N.D. Tex. Oct. 8, 2015) (quoting *Cumins Ins. Soc'y, Inc. v. Billups*, No. 10-1478, 2010 WL 4384228, at *2 (D.D.C Nov. 4, 2010)).  Fourth, nothing in the record evidences that Danny and Alice's lack of response is due to good faith mistake or excusable neglect. *See Lindsey*, 161 F.3d at 893.  Danny's attorney claims he had computer problems, but he has been practicing law for nearly forty years and should be familiar with the Federal Rules of Civil Procedure and the CM/ECF system.  Computer problems do not last for several months, and Danny's attorney should have contacted the Court for assistance—his lack of response is not due to a good faith mistake. Fifth, the harshness of the default judgment is not excessive because Derek only seeks proceeds from the life insurance policy that he is the named primary beneficiary. *See Holladay*, 2015 WL 5916440, at *5.  Lastly, no facts lead the Court to believe "good cause" is present to set aside the default. *See Lindsey*, 161 F.3d at 893.  Therefore, the Court determines that default judgment is procedurally warranted.

## II. Sufficient Basis for the Pleadings

After establishing that default judgment is procedurally warranted, the Court normally determines whether a sufficient basis for the pleadings is present.  But "when only one of the claimants named in an interpleader action has answered, the court need not consider the merits of

which party is entitled to the funds." *Benjamin Moore & Co. v. Menendez*, No. 3:18-CV-2288-B, 2019 WL 3413420, at *1 (N.D. Tex. July 29, 2019).

Derek is the only party in this interpleader action to answer, so the Court need not consider the merits of his claim. As the default judgment is procedurally warranted and there is a sufficient basis for the pleadings, Derek is entitled to a default judgment.

### III. Form of Relief

Next, the Court must determine if Derek's requested remedies are appropriate upon the entry of default judgment. In awarding relief, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). Derek argues he is the rightful beneficiary of the insurance policy and is entitled to its proceeds.

Based on the record, the Court finds Derek's request to be named as the primary beneficiary appropriate. Plaintiff filed this interpleader action to clarify who is entitled to the proceeds of the policy—only Derek responded. Decedent named Derek as the primary beneficiary in the months preceding her death, and neither Danny nor Alice offer evidence to the contrary. Derek only requests to be recognized as the primary beneficiary of the policy so he can claim the $76,000 in proceeds. Danny originally claimed a stake in the policy but has since failed to respond in a timely fashion. Alice never contested her status as a policy beneficiary. Accordingly, default judgment is warranted.

### CONCLUSION

It is therefore **ORDERED** that Defendant Derek Diaz's Motion for Default Judgment (Dkt. #19) is hereby **GRANTED**. Plaintiff shall submit a proposed final order of default judgment for the Court's signature no later than seven (7) days after this Order issues.

**IT IS SO ORDERED.**

**SIGNED this 10th day of March, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE